FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 1 5 2015

JAMES W. McCORMACK, CLERK
By: ________ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GERALD MOSES PLAINTIFF

v. NO. 4:15cv-33-JM

This case assigned to District Judge Moody
and to Magistrate Judge Kearney

DASSAULT FALCON JET – WILMINGTON CORP.
and DASSAULT FALCON JET CORP. DEFENDANT

**NOTICE OF REMOVAL**

Defendants, Dassault Falcon Jet – Wilmington Corp. ("DFJ – Wilmington") and Dassault Falcon Jet Corp. ("DFJ"), by and through their attorneys, Mitchell, Williams, Selig, Gates & Woodyard, PLLC, for their Notice of Removal, state:

1. Dassault Falcon Jet – Wilmington Corp. is not Plaintiff's former employer and is not a proper party. DFJ is plaintiff's former employer and a proper party. Defendants respectfully request that the Court, upon Plaintiff's consent, dismiss DFJ - Wilmington.

2. Defendants remove this action from Arkansas state court to this Court, pursuant to 28 U.S.C. § 1441, for the reasons stated herein.

3. The above-styled case was commenced with a Complaint against DFJ – Wilmington in the Circuit Court of Pulaski County, Arkansas on August 28, 2014, alleging federal law claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA") for age discrimination and retaliation, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA") for disability discrimination and retaliation, and a state law claim under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et seq.* ("ACRA") alleging age discrimination, disability discrimination, and retaliation. Plaintiff filed

an Amended Complaint on December 3, 2014, adding DFJ as a Defendant. DFJ and DFJ – Wilmington were served with the Amended Complaint on December 16, 2014. The state court pleadings are attached as follows:

- Complaint filed August 28, 2014, **Exhibit A**;
- Summons (issued at to DFJ - Wilmington), filed August 29, 2014, **Exhibit B**;
- Amended Complaint filed December 3, 2014, **Exhibit C**;
- Summons (issued as to DFJ) filed December 9, 2014, **Exhibit D**;
- Proof of Service of Summons, filed December 17, 2014, **Exhibit E**;
- Motion to Extend Service Time, filed December 26, 2014, **Exhibit F**;
- Order Granting Extension of Time, filed January 5, 2015, **Exhibit G**.

4. Defendants remove this case to this Court, pursuant to 28 U.S.C. § 1441 *et seq*., because this Court has federal question jurisdiction over Plaintiff's federal claims, pursuant to 28 U.S.C. § 1331, and diversity jurisdiction and supplemental jurisdiction over Plaintiff's state law claim, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367. Plaintiff is a resident of Pulaski County, Arkansas. DFJ is a Delaware corporation with its principal place of business in Teterboro, New Jersey. Plaintiff alleges that the matter in controversy exceeds $75,000.

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a). A copy of this file-marked Notice of Removal will be contemporaneously filed with the Circuit Court of Pulaski County, Arkansas. Defendants will file an Answer within seven (7) days after this Notice of Removal, pursuant to Fed. R. Civ. P. 81(c).

WHEREFORE, Defendants pray that this Court shall find that federal question jurisdiction, federal diversity jurisdiction, and federal supplemental jurisdiction exist, shall find that removal jurisdiction is proper, and shall grant Defendants all other proper and just relief.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG
GATES & WOODYARD, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Phone: 501-688-8893
Fax: 501-918-7893
bvandiver@mwlaw.com

By ______________________
Brian A. Vandiver, Bar No. 2001078

## CERTIFICATE OF SERVICE

I, Brian A. Vandiver, do hereby certify that I have served a true and correct copy of the foregoing on the following persons by placing a copy of the same in the U.S. mail, postage prepaid on this 15th day of January, 2015.

Stephen L. Curry
Attorney At Law
P.O. Box 23451
Little Rock, AR 72221
(501) 658-5488

______________________
Brian A. Vandiver

ELECTRONICALLY FILED
2014-Aug-28 19:12:00
60CV-14-3334
C06D05 : 8 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**CIVIL DIVISION**

**GERALD MOSES** **PLAINTIFF**

**VS.** ____________________

**DASSAULT FALCON JET – WILMINGTON CORP.** **DEFENDANT**

# COMPLAINT

Comes Plaintiff, Gerald Moses, by his attorney, Stephen L. Curry, and for his Complaint against Defendant Dassault Falcon Jet - Wilmington Corp., and states as follows:

## I.
## PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of Pulaski County, Arkansas, who brings this action for illegal employment discrimination and retaliation under federal and state law.

2. Defendant Dassault Falcon Jet – Wilmington Corp. is a foreign corporation, authorized to do business in the State of Arkansas. As it relates to this action, Defendant maintains a business address at 3801 East 10th Street, Little Rock, AR 72202. Defendant at all times relevant, employed more than nine (9) people in the State of Arkansas, and is an "employer" under applicable law.

3. This is an action for age discrimination and retaliation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), for



Exhibit A

disability discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"), and a pendent state law claim for age and disability discrimination and retaliation under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et seq.* ("ACRA"). Accordingly, this Court has subject matter jurisdiction and personal jurisdiction over the parties.

4. Since the acts giving rise to this action occurred in Pulaski County, Arkansas, venue is proper with this Court.

## II.
## GENERAL ALLEGATIONS OF FACT

5. Plaintiff Gerald Moses is a 58 year old male who was first employed by Defendant in August 4, 1997. Prior to the termination of his employment, Plaintiff held the position of Avionics Technician.

6. During the course of Plaintiff's employment, he was subjected to continuous acts of harassment and bullying by his supervisors and co-workers in his job environment which caused Plaintiff to suffer from severe anxiety and depression. Plaintiff's anxiety and depression substantially impaired his major life activities, and required medical attention and hospitalization.

7. Plaintiff is a person with a disability, and was perceived as a person with a disability, as defined by the ADA and ACRA

8. At all times relevant, Plaintiff was able to perform his job with accommodation by his employer.

9. Plaintiff made his employer aware of the continuous acts of harassment by his supervisors and co-works, and the negative effect such activity was having on his disability described above. When Defendant was initially advised of the illegal actions being taken against Plaintiff, he was transfer to a different job location at the facility, and his supervisor and co-workers were changed in an attempt to eliminate the on-the-job harassment and bullying. This change has a positive effect upon Plaintiff's anxiety and depression, and allowed Plaintiff to perform his job in an exemplary manner as he had in the past.

10. For reasons unknown to Plaintiff, he was later transferred back to a job position which was directly supervised by the same individual (and co-workers) who originally subjected Plaintiff to harassment and bullying. Such negative treatment began immediately, with Plaintiff being accused of being drunk at work, having his tools stolen, and his work sabotaged.

11. Plaintiff brought these matters to the attention of Defendant's Human Resources Department, and requested a change in supervisors to eliminate a known and historic problem. Plaintiff was advised by Defendant's representatives that no action would be taken, and that no further accommodations would be made.

12. Defendant then referred Plaintiff to the company doctor and told Plaintiff that he should take early retirement, or go on short term disability. Plaintiff advised Defendant's representatives that he loved his work, and that he could continue performing his job if Defendant would offer appropriate accommodations. Defendant refused Plaintiff's request.

13. On October 17, 2013, Plaintiff was advised that he should leave Defendant's facility and go home, surrender all company property, and was then locked out of the work-place by his employer. Further, Plaintiff's photograph was posted on the wall of the guard station which caused Plaintiff great embarrassment and humiliation.

14. During the course of Plaintiff's employment, Defendant has routinely extended accommodations to employees suffering from disabilities, and employees in a non-protected age group, including but not limited to reassignment of job supervisors, job responsibilities, and providing counseling and direction to supervisor and co-workers who harassed and intimidated Defendant's employees. In fact, such actions were in direct violation of Defendant's own policies and procedures.

15. Defendant's illegal actions were taken against Plaintiff based upon his known disability, his age, and were in retaliation for Plaintiff's actions in lodging a complaint and his request for accommodation as required by law.

16. Plaintiff timely filed a Charge of Discrimination with the EEOC, which is attached as Exhibit A, and now timely files this action within ninety (90) days of receiving his right-to-sue letter.

**Count I**
**DISABILITY DISCRIMINATION CLAIM**

17. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 to 16, above.

18. Plaintiff has a disability within the meaning of both the ADA and the ACRA.

19. Defendant was aware of Plaintiff's disability, and had been made aware of the continuous acts of harassment and bullying by his supervisors and co-workers in his job environment, which directly impacted Plaintiff's severe anxiety and depression.

20. Defendant has discriminated against Plaintiff on the basis of his disability, has failed to accommodate Plaintiff's disability, and has retaliated against Plaintiff for protesting the illegal practices, bringing his grievance and requesting accommodation, all in violation of both the ADA and the ACRA.

21. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered further anxiety and depression, severe mental and emotional distress, lost present and future wages, lost present and future fringe benefits, and incurred other damages in an amount to be proven at trial.

23. Defendants' actions have been so egregious as to warrant the imposition of punitive damages, and other statutory penalties, costs and attorneys' fees as allowed by law.

**Count II**
**AGE DISCRIMINATION CLAIM**

24. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 to 23, above.

25. Plaintiff is 58 years of age and is in a protected age group within the meaning of the ADEA and the ACRA.

26. Defendant was fully aware of Plaintiff's age, and had been made aware of the continuous acts of harassment and bullying by his supervisors and co-workers in his

job environment which directly impacted Plaintiff's ability to perform his job. Defendant previously intervened in similar situations on behalf of younger workers, but did not in Plaintiff's case.

27. Defendant has discriminated against Plaintiff on the basis of his age, and has retaliated against Plaintiff for protesting the illegal practices and bringing his grievance, all in violation of the ADEA and the ACRA.

28. As a direct and proximate cause of Defendant's acts and omissions alleged herein, Plaintiff has suffered further anxiety and depression, severe mental and emotional distress, lost present and future wages, lost present and future fringe benefits, and incurred other damages in an amount to be proven at trial.

29. Defendants' actions have been so egregious as to warrant the imposition of punitive damages, and other statutory penalties, costs, and attorneys' fees, as allowed by law.

30. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff Gerald Moses prays for judgment against Defendant Dassault Falcon Jet - Wilmington Corp., in an amount in excess of the minimum required for federal diversity jurisdiction; for an award of punitive damages in an amount exceeding $750,000.00; for an award of attorneys' fees and costs; and for all other relief to which he is entitled.

Respectfully submitted,

/s/ Stephen L. Curry (Ark. 81041)
Attorney at Law
P.O. Box 23451
Little Rock, AR 72221
(501) 658-5488
scurry@aristotle.net

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): 493-2014-00160

State or local Agency, if any — and EEOC

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Gerald Moses | (501) 392-4789 | 06-06-1955 |

Street Address, City, State and ZIP Code: #6 Thornhill Dr., Sherwood, AR 72120

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DASSAULT FALCON JET | 500 or More | (501) 372-5254 |

Street Address, City, State and ZIP Code: 3801 East 10th Street, Little Rock, AR 72202

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address, City, State and ZIP Code:

DISCRIMINATION BASED ON (*Check appropriate box(es).*)

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[X] RETALIATION [X] AGE [X] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER (*Specify*)

DATE(S) DISCRIMINATION TOOK PLACE — Earliest: 10-17-2013 Latest: 11-12-2013

[X] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

**I was hired August 4, 1997, and my most recent position was Avionics Technician. I have had tools taken and been accused of being drunk at work. I complained to Human Resources without any resolution. My manager has told me that if I was looking for trouble that I had found it. I requested a different lead and was told that I would be assigned wherever the boss wanted me to be. I was sent to a company doctor on September 12. I have not worked since October 17, 2013.**

**I was told that I was being placed on disability status and to seek social security.**

**I believe I was harassed because of my age (58) in violation of the Age Discrimination in Employment Act of 1967, as amended. I also believe I was harassed and suspended because of my disability and in retaliation for complaining in violation of the Americans with Disabilities Act of 1990, as amended.**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Nov 12, 2013 — Gerald Moses

Date — *Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*)

RECEIVED NOV 12 2013

Exhibit "A"

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. WENDELL GRIFFEN - 5TH DIVISION 6TH CIRCUIT**

GERALD MOSES V DASSAULT FALCON JET-WILMINGTON CORP

60CV-14-3334

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

DASSAULT FALCON JET - WILMINGTON CORP.
3801 EAST 10TH ST
LITTLE ROCK, AR 72202

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

STEPHEN LEWIS CURRY
P.O. BOX 56439
LITTLE ROCK, AR 72215

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

CLERK OF COURT

Address of Clerks Office

LARRY CRANE, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W MARKHAM
LITTLE ROCK, AR 72201

Christy R McDaniel

CLERK Christy Renee McDaniel, DC

Date: 08/29/2014

Exhibit B

No. 60CV-14-3334 This summons is for DASSAULT FALCON JET - WILMINGTON CORP. (name of Defendant).

PROOF OF SERVICE

❑ I personally delivered the summons and complaint to the individual at ________________________________________[place] on ______________ [date]; or

❑ I left the summons and complaint in the proximity of the individual by ______________________ after he/she refused to receive it when I offered it to him/her; or

❑ I left the summons and complaint at the individual's dwelling house or usual place of abode at _________________[address] with __________________[name], a person at least 14 years of age who resides there, on _____________[date]; or

❑ I delivered the summons and complaint to ______________[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____________________[name of defendant] on _______________[date]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

_______________________________________________________________

❑ I was unable to execute service because:

_______________________________________________________________

_______________________________________________________________

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: ___________ SHERIFF OF _______ COUNTY, ARKANSAS

By: ______________________

[Signature of server]

________________________________
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: ______________ By: ____________________________
[Signature of server]

________________________________
[Printed name]

Address: __________________________________________________________
__________________________________________________________

Phone: ___________________________

Subscribed and sworn to before me this date: _____________

_____________________________
Notary Public

My commission expires: ___________________

Additional information regarding service or attempted service:

__________________________________________________________________________
__________________________________________________________________________

ELECTRONICALLY FILED
2014-Dec-03 16:21:14
60CV-14-3334
C06D05 : 8 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**CIVIL DIVISION**

**GERALD MOSES** **PLAINTIFF**

**VS.** **60CV-14-3334**

**DASSAULT FALCON JET – WILMINGTON CORP.**
**And DASSAULT FALCON JET CORP.** **DEFENDANTS**

# AMENDED COMPLAINT

Comes Plaintiff, Gerald Moses, by his attorney, Stephen L. Curry, and for his Amended Complaint against Defendants Dassault Falcon Jet - Wilmington Corp. and Dassault Falcon Jet Corp., and states as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff is a resident and citizen of Pulaski County, Arkansas, who brings this action for illegal employment discrimination and retaliation under federal and state law.

2. Defendant Dassault Falcon Jet – Wilmington Corp. is a foreign corporation, authorized to do business in the State of Arkansas. As it relates to this action, Defendant maintains a business address at 3801 East 10th Street, Little Rock, AR 72202. Defendant Dassault Falcon Jet Corp., is also a foreign corporation, authorized to do business in the State of Arkansas. According to the Arkansas Secretary of State's official records, this Defendant maintains a business address at 200 Riser Road, Little Ferry, AR 07643.



Exhibit C

Defendants, herein collectively referred to as "Dassault Falcon Jet", at all times relevant, employed more than nine (9) people in the State of Arkansas, and is an "employer" under applicable law.

3. This is an action for age discrimination and retaliation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"), for disability discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 ("ADA"), and a pendent state law claim for age and disability discrimination and retaliation under the Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101 *et seq*. ("ACRA"). Accordingly, this Court has subject matter jurisdiction and personal jurisdiction over the parties.

4. Since the acts giving rise to this action occurred in Pulaski County, Arkansas, venue is proper with this Court.

**II.**
**GENERAL ALLEGATIONS OF FACT**

5. Plaintiff Gerald Moses is a 58 year old male who was first employed by Dassault Falcon Jet in August 4, 1997. Prior to the termination of his employment, Plaintiff held the position of Avionics Technician.

6. During the course of Plaintiff's employment, he was subjected to continuous acts of harassment and bullying by his supervisors and co-workers in his job environment which caused Plaintiff to suffer from severe anxiety and depression. Plaintiff's anxiety and depression substantially impaired his major life activities, and required medical attention and hospitalization.

7. Plaintiff is a person with a disability, and was perceived as a person with a disability, as defined by the ADA and ACRA

8. At all times relevant, Plaintiff was able to perform his job with accommodation by his employer.

9. Plaintiff made his employer aware of the continuous acts of harassment by his supervisors and co-works, and the negative effect such activity was having on his disability described above. When Dassault Falcon Jet was initially advised of the illegal actions being taken against Plaintiff, he was transfered to a different job location at the facility, and his supervisor and co-workers were changed in an attempt to eliminate the on-the-job harassment and bullying. This change has a positive effect upon Plaintiff's anxiety and depression, and allowed Plaintiff to perform his job in an exemplary manner as he had in the past.

10. For reasons unknown to Plaintiff, he was later transferred back to a job position which was directly supervised by the same individual (and co-workers) who originally subjected Plaintiff to harassment and bullying. Such negative treatment began immediately, with Plaintiff being accused of being drunk at work, having his tools stolen, and his work sabotaged.

11. Plaintiff brought these matters to the attention of Dassault Falcon Jet's Human Resources Department, and requested a change in supervisors to eliminate a known and historic problem. Plaintiff was advised by Dassault Falcon Jet's representatives that no action would be taken, and that no further accommodations would be made.

12. Dassault Falcon Jet then referred Plaintiff to the company doctor and told Plaintiff that he should take early retirement, or go on short term disability. Plaintiff advised Dassault Falcon Jet's representatives that he loved his work, and that he could continue performing his job if Dassault Falcon Jet would offer appropriate accommodations. Dassault Falcon Jet refused Plaintiff's request.

13. On October 17, 2013, Plaintiff was advised that he should leave Dassault Falcon Jet's facility and go home, surrender all company property, and was then locked out of the work-place by his employer. Further, Plaintiff's photograph was posted on the wall of the guard station which caused Plaintiff great embarrassment and humiliation.

14. During the course of Plaintiff's employment, Dassault Falcon Jet has routinely extended accommodations to employees suffering from disabilities, and employees in a non-protected age group, including but not limited to reassignment of job supervisors, job responsibilities, and providing counseling and direction to supervisor and co-workers who harassed and intimidated Dassault Falcon Jet's employees. In fact, such actions were in direct violation of Dassault Falcon Jet's own policies and procedures.

15. Dassault Falcon Jet's illegal actions were taken against Plaintiff based upon his known disability, his age, and were in retaliation for Plaintiff's actions in lodging a complaint and his request for accommodation as required by law.

16. Plaintiff timely filed a Charge of Discrimination with the EEOC, which is attached as Exhibit A, and now timely files this action within ninety (90) days of receiving his right-to-sue letter.

**Count I**
**DISABILITY DISCRIMINATION CLAIM**

17. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 to 16, above.

18. Plaintiff has a disability within the meaning of both the ADA and the ACRA.

19. Dassault Falcon Jet was aware of Plaintiff's disability, and had been made aware of the continuous acts of harassment and bullying by his supervisors and co-workers in his job environment, which directly impacted Plaintiff's severe anxiety and depression.

20. Dassault Falcon Jet has discriminated against Plaintiff on the basis of his disability, has failed to accommodate Plaintiff's disability, and has retaliated against Plaintiff for protesting the illegal practices, bringing his grievance and requesting accommodation, all in violation of both the ADA and the ACRA.

21. As a direct and proximate cause of Dassault Falcon Jet's acts and omissions alleged herein, Plaintiff has suffered further anxiety and depression, severe mental and emotional distress, lost present and future wages, lost present and future fringe benefits, and incurred other damages in an amount to be proven at trial.

23. Dassault Falcon Jet' actions have been so egregious as to warrant the imposition of punitive damages, and other statutory penalties, costs and attorneys' fees as allowed by law.

## Count II
## AGE DISCRIMINATION CLAIM

24. Plaintiff re-alleges and incorporates by reference the allegations contained in Paragraphs 1 to 23, above.

25. Plaintiff is 58 years of age and is in a protected age group within the meaning of the ADEA and the ACRA.

26. Dassault Falcon Jet was fully aware of Plaintiff's age, and had been made aware of the continuous acts of harassment and bullying by his supervisors and co-workers in his job environment which directly impacted Plaintiff's ability to perform his job. Dassault Falcon Jet previously intervened in similar situations on behalf of younger workers, but did not in Plaintiff's case.

27. Dassault Falcon Jet has discriminated against Plaintiff on the basis of his age, and has retaliated against Plaintiff for protesting the illegal practices and bringing his grievance, all in violation of the ADEA and the ACRA.

28. As a direct and proximate cause of Dassault Falcon Jet's acts and omissions alleged herein, Plaintiff has suffered further anxiety and depression, severe mental and emotional distress, lost present and future wages, lost present and future fringe benefits, and incurred other damages in an amount to be proven at trial.

29. Dassault Falcon Jet' actions have been so egregious as to warrant the imposition of punitive damages, and other statutory penalties, costs, and attorneys' fees, as allowed by law.

30. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff Gerald Moses prays for judgment against Defendants Dassault Falcon Jet - Wilmington Corp., and Dassault Falcon Jet Corp., in an amount in excess of the minimum required for federal diversity jurisdiction; for an award of punitive damages in an amount exceeding $750,000.00; for an award of attorneys' fees and costs; and for all other relief to which he is entitled.

Respectfully submitted,

Stephen L. Curry (Ark. 81041)
Attorney at Law
P.O. Box 23451
Little Rock, AR 72221
(501) 658-5488
scurry@aristotle.net

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

[ ] FEPA

[X] EEOC 493-2014-00160

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Gerald Moses | (501) 392-4789 | 06-06-1955 |

Street Address / City, State and ZIP Code

#6 Thornhill Dr., Sherwood, AR 72120

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| DASSAULT FALCON JET | 500 or More | (501) 372-5254 |

Street Address / City, State and ZIP Code

3801 East 10th Street, Little Rock, AR 72202

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN

[X] RETALIATION [X] AGE [X] DISABILITY [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest: 10-17-2013 Latest: 11-12-2013

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired August 4, 1997, and my most recent position was Avionics Technician. I have had tools taken and been accused of being drunk at work. I complained to Human Resources without any resolution. My manager has told me that if I was looking for trouble that I had found it. I requested a different lead and was told that I would be assigned wherever the boss wanted me to be. I was sent to a company doctor on September 12. I have not worked since October 17, 2013.

I was told that I was being placed on disability status and to seek social security.

I believe I was harassed because of my age (58) in violation of the Age Discrimination in Employment Act of 1967, as amended. I also believe I was harassed and suspended because of my disability and in retaliation for complaining in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Nov 12, 2013 — [signature]

Date — Charging Party Signature

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

RECEIVED NOV 12 2013

Exhibit "A"

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. WENDELL GRIFFEN - 5TH DIVISION 6TH CIRCUIT**

GERALD MOSES V DASSAULT FALCON JET-WILMINGTON CORP

60CV-14-3334

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

Dassault Falcon Jet Corp.
c/o Corporation Service Company
300 Spring Building, Suite 900
300 S. Spring Street
Little Rock, AR 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Stephen Lewis Curry
P.O. Box 23451
Little Rock, AR 72221

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

I recently filed an Amended Complaint adding Dassault Falcon Jet Corp. as a defendant in this case. The agent for service is the Corporation Service Company. Please issue summons for this defendant.

Exhibit D

CLERK OF COURT

Address of Clerks Office

LARRY CRANE, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W MARKHAM
LITTLE ROCK, AR 72201

CLERK FRANK GUBANSKI, DC

Date: 12/10/2014

No. 60CV-14-3334 This summons is for Dassault Falcon Jet Corp. (name of Defendant).

PROOF OF SERVICE

❑ I personally delivered the summons and complaint to the individual at ______________________________________________[place] on ________________ [date]; or

❑ I left the summons and complaint in the proximity of the individual by ___________________________ after he/she refused to receive it when I offered it to him/her; or

❑ I left the summons and complaint at the individual's dwelling house or usual place of abode at ____________________[address] with _____________________[name], a person at least 14 years of age who resides there, on _______________[date]; or

❑ I delivered the summons and complaint to _________________[name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _________________________[name of defendant] on __________________[date]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

___________________________________________________________________________

❑ I was unable to execute service because:

___________________________________________________________________________

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: ______________ SHERIFF OF ________ COUNTY, ARKANSAS

By: ____________________________
[Signature of server]

________________________________
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: ______________ By: ____________________________
[Signature of server]

________________________________
[Printed name]

Address: ____________________________________________________________
____________________________________________________________

Phone: ____________________________

Subscribed and sworn to before me this date: _____________

________________________________
Notary Public

My commission expires: ___________________

Additional information regarding service or attempted service:

________________________________________________________________________________
________________________________________________________________________________

ELECTRONICALLY FILED
2014-Dec-17 12:45:44
60CV-14-3334
C06D05 : 4 Pages

# Davis Process Service L.L.C.

1524 S. Main Street
Little Rock, AR 72202
501-376-8379 FAX 501-376-8479

**PULASKI COUNTY CIRCUIT COURT/5TH DIVISION**

**STATE OF ARKANSAS }**
SS}
**COUNTY OF PULASKI }**

**Case Number:** 60CV-14-3334-5

**Date Received:** 15-Dec-14

**Attorney:** Stephen L. Curry

**Attorney:**

**Plaintiff:** Gerald Moses

On Tuesday, December 16, 2014 at 10:10 AM I have duly served this

SUMMONS/COMPLAINT/EXHIBITS/AMENDED COMPLAINT

on the defendant Dassault Falcon Jet Corp. by the following manner of service: by delivering a true copy to: Denise Hostatler. Address where party served: AFS: United State Corporation Company, 300 Spring Building, Suite 900, Little Rock, AR 72201.

Client No:

Fee: $35.00

Process server: Tim Sibert

Subscribed and sworn to before me on Tuesday, December 16, 2014

My Commission expires 9/3/2023

Christina Davis, Notary Public

CHRISTINA DAVIS NOTARY PUBLIC ARKANSAS PULASKI COUNTY EXPIRES 9-3-2023

Exhibit E

DDS

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**HON. WENDELL GRIFFEN - 5TH DIVISION 6TH CIRCUIT**

GERALD MOSES V DASSAULT FALCON JET-WILMINGTON CORP

60CV-14-3334

**SUMMONS**

**THE STATE OF ARKANSAS TO DEFENDANT:**

Dassault Falcon Jet Corp.
c/o US. Corporation Service Company
300 Spring Building, Suite 900
300 S. Spring Street
Little Rock, AR 72201

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Stephen Lewis Curry
P.O. Box 23451
Little Rock, AR 72221

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:

CLERK OF COURT

Address of Clerks Office

LARRY CRANE, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W MARKHAM
LITTLE ROCK, AR 72201

CLERK FRANK GUBANSKI, DC

Date: 12/10/2014

No. 60CV-14-3334 This summons is for Dassault Falcon Jet Corp. (name of Defendant).

PROOF OF SERVICE

❑ I personally delivered the summons and complaint to the individual at ________________ [place] on ________________ [date]; or

❑ I left the summons and complaint in the proximity of the individual by ________________ after he/she refused to receive it when I offered it to him/her; or

❑ I left the summons and complaint at the individual's dwelling house or usual place of abode at ________________ [address] with ________________ [name], a person at least 14 years of age who resides there, on ________________ [date]; or

☑ I delivered the summons and complaint to C/o Denise Hostetler [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of U.S. Corp. Service Co. [name of defendant] on 12/16/14 10:10am [date]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

________________

❑ I was unable to execute service because:

________________

---

My fee is $ ____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: ____________ SHERIFF OF _______ COUNTY, ARKANSAS

By: ________________________
[Signature of server]

________________________
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: 12/16/14 By: ________________________
[Signature of server]

Tim Sibert
[Printed name]

Address: **1524 Main Street**
**Little Rock, AR 72202**
**501-376-8379**
Phone: ________________________

Subscribed and sworn to before me this date: 12/16/14.

________________________
Notary Public

CHRISTINA DAVIS
NOTARY PUBLIC
ARKANSAS
PULASKI COUNTY

My commission expires: ____________

Additional information regarding service or attempted service:

________________________________________________

________________________________________________

ELECTRONICALLY FILED
2014-Dec-26 08:21:11
60CV-14-3334
C06D05 : 2 Pages

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**5th DIVISION**

**GERALD MOSES** **PLAINTIFF**

**VS.** **60CV-14-3334**

**DASSAULT FALCON JET – WILMINGTON CORP.**
**And DASSAULT FALCON JET CORP.** **DEFENDANTS**

**MOTION TO EXTEND TIME**
**FOR SERVICE OF SUMMONS AND COMPLAINT**

Comes the Plaintiff, Gerald Moses, by his undersigned attorney, and for his request for extension of time to address the issue of service of the Complaint and Summons, respectfully states as follows:

1. The original Complaint was filed on August 28, 2013, with the Amended Complaint having been filed on December 16, 2014.

2. On December 16,2014, Plaintiff perfected service of Summons and Complaint upon all Defendants, through Defendants' agents for service of process.

3. Defendants have not yet filed their answer, or otherwise responded to the allegations contained in the Complaint, as amended. 120 days have not elapsed since the filing of the original Complaint, and Plaintiff has not previously requested an extension of time to perfect service.

4. Plaintiff herein requests an extension of ninety (90) days from the date of this Motion, or until March 26, 2015, in which to address any issues concerning service of the Complaint and Summons, in the event that Defendants



Exhibit F

were to challenge the existing service in their responses to said Complaint filed herein.

5. Pursuant to Rule 4(i), Arkansas Rules of Civil Procedure, the Court may extend the time for service upon a showing of good cause. The order granting any such extension, however, must be entered within 30 days after the motion to extend is filed, or by the end of the 120-day period, whichever date is later.

6. For the reasons stated herein, good cause exists to grant the requested extension of time in which to permit to address the issue of service of Defendants with the complaint and summons in this case.

WHEREFORE, Plaintiff prays that this Court, upon good cause shown, grant a ninety (90) day extension of time in which to address the issue of service of the Complaint and Summons upon Defendants, until March 26, 2015; and for all other appropriate relief.

Respectfully submitted,

/s/ Stephen L. Curry (81041)
P. O. Box 23451
Little Rock, Arkansas 72221
(501) 658-5488
scurry@aristotle.net

ELECTRONICALLY FILED
2015-Jan-05 16:32:29
60CV-14-3334
C06D05 : 1 Page

**IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS**
**5th DIVISION**

**GERALD MOSES** **PLAINTIFF**

**VS.** **60CV-14-3334**

**DASSAULT FALCON JET – WILMINGTON CORP.**
**And DASSAULT FALCON JET CORP.** **DEFENDANTS**

**ORDER**

On this date is presented to the Court Plaintiff's Motion for Extension of Time in Which to address the issue of service of the Complaint and Summons. Upon consideration of the pleadings, the Court finds that good cause exists to support Plaintiff's request.

Plaintiff's Motion for Extension of Time is hereby granted for an extension of ninety (90) days to address the issue of service of the Summons and Complaint on Defendants. Based upon this extension, any issues concerning the service of the Complaint and Summons must be completed on or before March 26, 2015.

IT IS HEREBY ORDERED THIS DATE.

Circuit Judge

1-1-15
Date



Exhibit G