IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GERALD MOSES                                                                                          PLAINTIFF

v.                                          NO. 4:15CV00033 JM

DASSAULT FALCON JET – WILMINGTON CORP.
and DASSAULT FALCON JET CORP.                                          DEFENDANTS

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants, Dassault Falcon Jet – Willington Corp. ("DFJ – Wilmington") and Dassault Falcon Jet Corp. ("DFJ") (collectively "Defendants"), by and through their attorneys, Mitchell, Williams, Selig, Gates and Woodyard, P.L.L.C., for their Answer to Amended Complaint, state:

1. DFJ admits that Plaintiff Gerald Moses ("Plaintiff" or "Moses") is a resident and citizen of Pulaski County, Arkansas. Defendants admit that this is an action alleging illegal employment discrimination and retaliation under federal and state law. Defendants deny Plaintiff's allegations and affirmatively state that they did not engage in any illegal employment discrimination or retaliation against Plaintiff.

2. Dassault Falcon Jet – Wilmington is not Plaintiff's former employer and is not a proper party. DFJ is Plaintiff's former employer. Defendants admit that both DFJ – Wilmington and DFJ are corporations authorized to do business in the State of Arkansas, but are not incorporated in the State of Arkansas and do not have a principal place of business in the State of Arkansas. DFJ is a Delaware corporation with its principal place of business in Teterboro, New Jersey. DFJ – Wilmington is a Delaware corporation with its principal place of business in Wilmington, Delaware. Defendants respectfully request that the Court, upon Plaintiff's consent,

Case 4:15-cv-00033-JM   Document 7   Filed 01/29/15   Page 2 of 9

dismiss DFJ - Wilmington. Defendants admit that DFJ is Plaintiff's former "employer" under the applicable federal and state law, that DFJ maintains a facility in Little Rock, AR, located at 3801 East 10th Street, Little Rock, AR 72202, and that, at all times relevant to this action, DFJ employed more than nine (9) employees at that facility.

3. Defendants admit that this is an action alleging age discrimination and retaliation under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 ("ADEA"), for actual and perceived disability discrimination and retaliation under the Americans with Disabilities Act, 42. U.S.C. § 12101 ("ADA"), and accompanying state law claims for age and disability discrimination and retaliation under the Arkansas Civil Rights Act of 1993, Ark. Code. Ann. § 16-123-101 ("ACRA"). Defendants deny that they discriminated or retaliated against Plaintiff in any way. Defendants further deny that perceived disability discrimination and age discrimination are actionable claims under ACRA. Plaintiff's allegation regarding proper subject matter jurisdiction and personal jurisdiction calls for a legal conclusion to which no response is required.

4. Plaintiff's allegation regarding proper venue calls for a legal conclusion to which no response is required.

5. DFJ admits that Plaintiff is a 58 year old male who was first employed by DFJ on or around August 4, 1997. DFJ affirmatively states that Plaintiff's title was Flight Line Avionics Checkout prior to termination of Plaintiff's employment. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 5 of the Amended Complaint and, therefore, denies them.

6. DFJ denies the allegations in Paragraph 6 of the Amended Complaint.  DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 6 of the Amended Complaint and, therefore, denies them.

7. DFJ denies the allegations in Paragraph 7 of the Amended Complaint. DFJ affirmatively states that Plaintiff was not, at the time of the alleged discrimination and retaliation, a person with an actual or perceived disability pursuant to the ADA.  DFJ affirmatively states that a perceived disability claim is not an actionable claim under ACRA.  DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 7 of the Amended Complaint and, therefore, denies them.

8. DFJ denies the allegations in Paragraph 8 of the Amended Complaint.  DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 8 of the Amended Complaint and, therefore, denies them.

9. DFJ denies the allegations in Paragraph 9 of the Amended Complaint.  DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 9 of the Amended Complaint and, therefore, denies them.

10. DFJ denies the allegations in Paragraph 10 of the Amended Complaint.  DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 10 of the Amended Complaint and, therefore, denies them.

11. DFJ denies the allegations in Paragraph 11 of the Amended Complaint.  DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 11 of the Amended Complaint and, therefore, denies them.

12. DFJ denies the allegations in Paragraph 12 of the Amended Complaint. DFJ affirmatively states that on or about August 12, 2013, Plaintiff was informed that DFJ was

concerned with Plaintiff's performance issues and inability to adequately perform the essential functions of Plaintiff's position. During this conversation, Plaintiff, himself, inquired about early retirement as a possible option. On or about August 14, 2013, Plaintiff and DFJ discussed DFJ's retirement program. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 12 of the Amended Complaint and, therefore, denies them.

13. DFJ denies the allegations in Paragraph 13 of the Amended Complaint. DFJ affirmatively states that DFJ placed Plaintiff on a leave of absence beginning on October 17, 2013. DFJ affirmatively states that, according to an independent medical exam (IME) conducted in September 2013, Plaintiff was unable to perform the essential functions of Plaintiff's position. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 13 of the Amended Complaint and, therefore, denies them.

14. DFJ admits that DFJ has, in the past, provided various accommodations to employees pursuant to the ADA, but denies that DFJ discriminated against or failed to accommodate Plaintiff. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 14 of the Amended Complaint and, therefore, denies them.

15. DFJ denies the allegations in Paragraph 15 of the Amended Complaint. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 15 of the Amended Complaint and, therefore, denies them.

16. Defendants admit that Plaintiff filed his EEOC Charge on November 12, 2013 sued DFJ – Wilmington on August 28, 2014.

17. Defendants re-allege and incorporate Paragraphs 1 through 16 above.

18. DFJ denies the allegations in Paragraph 18 of the Amended Complaint. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 18 of the Amended Complaint and, therefore, denies them.

19. DFJ denies the allegations in Paragraph 19 of the Amended Complaint. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 19 of the Amended Complaint and, therefore, denies them.

20. DFJ denies the allegations in Paragraph 20 of the Amended Complaint. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 20 of the Amended Complaint and, therefore, denies them.

21. DFJ denies the allegations in Paragraph 21 of the Amended Complaint. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 21 of the Amended Complaint and, therefore, denies them.

22. DFJ denies the allegations in Paragraph 22 of the Amended Complaint. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 22 of the Amended Complaint and, therefore, denies them.

23. DFJ denies the allegations in Paragraph 23 of the Amended Complaint. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 23 of the Amended Complaint and, therefore, denies them.

24. Defendants re-allege and incorporate by reference Paragraphs 1 through 23 above.

25. DFJ admits that Plaintiff is 58 years old. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 25 of the Amended Complaint and, therefore, denies them. Defendants deny that age is a protected class under ACRA.

26. DFJ admits that certain DFJ employees were aware of Plaintiff's age, but denies that age was a factor in any employment decision. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 26 of the Amended Complaint and, therefore, denies them.

27. DFJ denies the allegations in Paragraph 27 of the Amended Complaint. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 27 of the Amended Complaint and, therefore, denies them.

28. DFJ denies the allegations in Paragraph 28 of the Amended Complaint. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 28 of the Amended Complaint and, therefore, denies them.

29. DFJ denies the allegations in Paragraph 29 of the Amended Complaint. DFJ – Wilmington is without sufficient information to admit or deny the allegations in Paragraph 29 of the Amended Complaint and, therefore, denies them.

30. Defendants acknowledge Plaintiff demands a jury trial, but no response is required.

31. Defendants deny the allegations in the "Wherefore" paragraph of the Amended Complaint.

32. Defendants deny each and every allegation in the Amended Complaint not specifically admitted herein.

33. Defendants affirmatively reserve all affirmative defenses required to be plead in their initial pleading including all such defenses including those set forth in Rule 8(c) and Rule 12 of the Federal Rules of Civil Procedure.

34. Defendants affirmatively assert that the Amended Complaint fails to state facts upon which relief can be granted and, therefore, the Court should dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

35. Defendants affirmatively assert that DFJ – Wilmington is not Plaintiff's former employer and is not a proper party.

36. Defendants affirmatively assert that Plaintiff failed to timely sue DFJ within ninety (90) days of receiving his Notice of Right to Sue from the EEOC.  Therefore, his federal claims and ACRA claims against DFJ are time-barred.

37. Defendants affirmatively assert that Plaintiff's ACRA claims against DFJ are time-barred to the extent they assert adverse actions that occurred more than one year prior to December 3, 2014, when the Amended Complaint was filed and DFJ was sued.

38. Defendants affirmatively assert that Plaintiff's claims are barred by his unreasonable failure to take advantage of available preventative or corrective opportunities or to avoid harm otherwise.

39. Defendants affirmatively assert that Plaintiff has failed to mitigate his damages.

40. Defendants affirmatively assert that DFJ has acted in good faith at all times with respect to Plaintiff, and that DFJ's actions with respect to Plaintiff were only for lawful and legitimate non-discriminatory business reasons.

41. Defendants affirmatively assert that the Amended Complaint is frivolous and wholly without merit and, therefore, Defendants are entitled to an award of attorney's fees.

42. Defendants reserve the right to bring all counterclaims, cross claims, and third-party claims.

43. Defendants affirmatively assert that DFJ did not discriminate or retaliate against Plaintiff because of his age under 29 U.S.C. § 621 *et seq.*  Defendants affirmatively assert that age was not the but-for cause of DFJ's actions towards Plaintiff.

44. Defendants affirmatively assert that DFJ did not discriminate or retaliate against Plaintiff on the basis of any alleged actual or perceived disability pursuant to 42. U.S.C. § 12101 and Ark. Code Ann. § 16-123-101 *et seq.*  Defendants affirmatively assert that Plaintiff's alleged disability was not the but-for cause of DFJ's actions towards Plaintiff.

45. Defendants affirmatively assert that DFJ did not treat Plaintiff any differently than other similarly-situated employees.

46. Defendants affirmatively assert that compensatory damages and punitive damages are not available in an ADEA claim.

47. Defendants affirmatively assert that there is no evidence of malice upon which to award punitive damages and any award of punitive damages must satisfy the federal and state constitutions.

48. Defendants assert the defense in Ark. Code Ann. § 16-123-103(c): "A defendant may avoid liability under this subchapter by showing that his or her actions were based on legitimate, nondiscriminatory factors and not on unjustified reasons."

49. Defendants affirmatively assert that Plaintiff's federal claims can be no broader than the scope of Plaintiff's EEOC Charge, his federal claims are accordingly limited by his EEOC Charge, and Plaintiff has failed to exhaust his administrative remedies to the extent Plaintiff seeks to expand his federal claims beyond the scope of his EEOC Charge.

WHEREFORE, for the reasons stated herein, Defendants requests that the Court dismiss the Amended Complaint and grant Defendants all other proper and just relief to which they are entitled.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG
GATES & WOODYARD, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Phone: 501-688-8893
Fax:     501-918-7893
bvandiver@mwlaw.com

By   /s/ Brian A. Vandiver
        Brian A. Vandiver, Bar No. 2001078

## CERTIFICATE OF SERVICE

I, Brian A. Vandiver, do hereby certify that a true and correct copy of the foregoing was served on the following person(s) by electronic mail through the ECF/CM service on this 29th day of January, 2015:

Stephen L. Curry
Attorney At Law
P.O. Box 23451
Little Rock, AR 72221
(501) 658-5488

/s/ Brian A. Vandiver
Brian A. Vandiver